Van Schaick agt. Winne.

$377·44

    The order should be so modified as to direct that a new trial be
awarded upon the payment of this sum by the defendant.

————⦁⦁⦁————

## SUPREME COURT.

### VAN SCHAICK agt. WINNE, EXECUTOR.

A judge at Chambers has no power to tax or adjust general costs. The clerk
is the only officer authorized to do this, and his authority is limited to the
costs upon the entry of judgment (*Nellis agt. De Forest*, 6 *How. Pr. R.* 413).

The amount of costs upon interlocutory proceedings should be fixed in the or-
ders awarding them; or some officer should be designated therein to settle
the amount.

Under the Code of 1852 the prevailing party on *appeal* to the general term
from an order granting or refusing a new trial, or sustaining or overruling a
demurrer, not being entitled to costs under the 6th subdivision of § 307, as
under the Code of 1851 (*see Ellsworth agt. Gooding ante p.* 1), is still en-
titled to a *trial fee*, as well at the *general* as at the special term, under the
3d *sub.* (§ 307). And this trial fee may be allowed, as often as the cause
has been brought before the court upon the issues made by the pleadings
($15 to plaintiff and $12 to defendant).

    *Albany Special Term, February* 1853. *Taxation of Costs.*
The defendant having demurred to the complaint, the issue of

law thus made, was tried, at a special term held in Albany, in
June 1852. Judgment was given for the plaintiff, with liberty
·to the defendant to amend, on payment of costs. The defendant
appealed to the general term, where the order was reversed, and
judgment given for the defendant, upon the demurrer, with liberty
*to the plaintiff* to amend on payment of costs.

The defendant's attorney thereupon gave notice to the plaint-
iff's attorney that the costs would be taxed by one of the justices
of this court, in the city of New York, at a time and place men-
tioned in the notice. The costs were taxed pursuant to the no-
tice, without opposition. The venue in the action is in Albany
county. The plaintiff moved to set aside the taxation, and also
to have the amount of costs, to be paid by him as the condition
upon which he was to be at liberty to amend his complaint, fixed
by the order of the court.

> THOMAS SMITH, *for Plaintiff*.
>
> L. BIRDSEYE, *for Defendant*.

HARRIS, Justice.—The taxation of the costs by a judge, at
chambers, was clearly a nullity. The clerk is the only officer
authorized by the Code to tax or adjust costs. His authority is
limited to the taxation of costs upon the entry of judgment (see
Nellis agt. De Forest, 6 *How. Pr. R.* 413). The amount of the
costs upon interlocutory proceedings should be fixed in the order
which awards them. In cases where a party is required to pay
costs, as the condition of granting him a favor, as in this case,
the order should specify the amount, or designate some officer to
settle the amount. It is usual, in such cases, to provide in the
order that the costs shall be fixed by the clerk or by one of the
justices of the court, or by a county judge (see Ellsworth agt.
Gooding, *ante p.* 1). The taxation must, therefore, be set aside
as unauthorized and void

No provision having been made in the order of the general
term for the taxation of the costs to be paid by the plaintiff, as
the condition upon which he is allowed to amend, the proper prac-
tice would have been to apply at a general term, for a modification
of the order, so as to fix the amount of costs, or direct the pay-
ment of such amount as should be fixed by some officer designated

Van Schaick agt. Winne.

for that purpose. In this case, however, the counsel have consented that the amount may be fixed in the order made upon the decision of this motion. It only remains, therefore, to determine such amount.

The defendant claims that he is entitled to $45 for the costs upon the appeal. The plaintiff, on the other hand, insists that the defendant is entitled to no costs at all, upon the appeal. Neither party is right. The 6th subdivision of the 307th section of the Code, as amended in 1852, expressly declares that the allowance therein provided " shall not apply to appeals in the cases mentioned in section 349." But for this amendment, the defendant would, without doubt, have been entitled to the amount he claims. Before the amendment, the only exception was, when the order appealed from was made upon " a non-enumerated motion. Accordingly, in Ellsworth agt. Gooding, above cited, where the question arose under the Code of 1851, it was held, that upon an appeal from an order granting a new trial, under the 2d subdvision of the 349th section, the party to whom costs were awarded, was entitled to the sums specified in the 6th subdivision of the 307th section. Such an appeal, not being " a non-enumerated motion," was within the very terms of the provision. But the legislature wisely, perhaps, have seen fit to make *all appeals*, under the 349th section, an exception from this provision. So that now, unless the case can be provided for elsewhere, no allowance at all can be made in such a case.

It was held, in Savage agt. Darrow (4 *How. Pr. R.* 74), that the only costs, to which a party could be entitled upon an appeal under section 349, were the costs allowed by the 315th section, which provides for the costs upon a motion. The decision was made under the Code of 1849. The appeals then allowed by the 349th section, were confined to non-enumerated motions. The 2d subdivision of the present section, providing for an appeal from an order " which grants or refuses a new trial, or sustains or overrules a demurrer," was first inserted by the amendments of 1851. Such cases can not, in any proper sense, be regarded as motions, within the meaning of the term, as used in the 315th section.

The fact that the provision in question was inserted among

other provisions, allowing an appeal from orders made upon non-enumerated motions, in certain cases, has led some to suppose that the legislature intended that, in respect to costs, an order granting or refusing a new trial, or overruling or sustaining a demurrer, should be regarded, upon appeal, as an interlocutory order. This opinion is expressed by Mr. Justice CRIPPEN, in Nellis agt. De Forest, above cited. But these cases have none of the characteristics of a non-enumerated motion. They are calendar causes, to be heard and decided upon the merits, as presented by the issue, whether of law or of fact, which the parties have made. The hearing of such an issue, at the circuit or special term, is as all will agree, a trial. The successful party claims, and is entitled to a trial-fee, for such hearing. Nor is it the less a trial, because, after one hearing before a single judge, the law provides for a rehearing at a general term. The successful party upon such an appeal, being deprived of costs, under the 6th subdivision of the 307th section, by the amendment of 1852 is, in my opinion, still entitled to a trial fee, as well at the general term, as the special term, under the 3d subdivision of the same section. I think, upon the taxation of costs, a trial fee may be allowed as often as the cause has been brought before the court upon the issues made by the pleadings (see Ellsworth agt. Gooding above cited).

The costs, therefore, to which the defendant is entitled in this case are as follows:

| | |
|---|---:|
| Defendant's costs before notice of trial, | $5·00 |
| Subsequent proceedings before trial, | 7·00 |
| Cause on calendar three terms, | 30·00 |
| Trial fee, June special term, | 12·00 |
| Trial fee, September general term, | 12·00 |
| Disbursements as proved, | 6·00 |
| | $72·00 |

Upon the payment of this amount within twenty days, the plaintiff is to be at liberty to amend his complaint according to the decision at general term. Neither party to have costs upon this motion.