434          ·NEW-YORK PRACTICE REPORTS

M'Quade agt. The New-York & Erie Railroad Co.

## SUPERIOR COURT.

### M'QUADE agt. THE NEW-YORK & ERIE RAILROAD COMPANY.

When an action has been twice tried, the jury disagreeing on the first trial, and finding for the plaintiff on the second, and a new trial is granted to defendant on condition that he "pays the costs of the second trial,"—all a defendant is bound to pay is the costs of the term at which the second trial was had. He is not bound to pay the fees of plaintiff's witnesses for attending at a term, or circuit, intermediate those at which the two trials were had.

Nor should he be required to pay the amount of any per centage that may have been allowed to the plaintiff, on the coming in of the verdict. That is to be granted to the party who recovers final judgment : not to both parties, as might happen if treated solely as a compensation for the labor and expenses of a *trial*. It is not to be allowed but once. When granted, it is allowed to the prevailing party by way of indemnity for his expenses in the action; and as well for expenses in one stage of the action as in any other, down to the entry of judgment.

*General Term, Oct.* 1855.

OAKLEY, Ch. J., CAMPBELL, BOSWORTH, HOFFMAN, and SLOSSON, Justices.

THIS action was first tried in February, 1854, and the jury disagreed. It was noticed, and on the calendar for the following March and April terms. It was on the day calendar, and called in its order on the 27th of April, and the plaintiff not appearing, the complaint was dismissed. On the 17th of May an order was made vacating that dismissing the complaint, and directing the cause to be .restored to the calendar and tried on the first Tuesday of June, 1854, or as soon thereafter as the same was reached ; and also directing that the fees of the witnesses on the part of the defendants attending on the April trial term, and ten dollars costs of the motion, should be deducted from any recovery which might be had by the plaintiff.

The cause was placed on the calendar and tried in the June term, 1854—the trial commencing on the 13th and ending on the 17th of June—a verdict was rendered for the plaintiff. On the 17th of June, 1854, an allowance of $175 was made in favor of the plaintiff.

At the January special term 1855, the defendant moved for a new trial, which was denied, but without costs.

On the 8th of January, 1855, the plaintiff's costs of the action were adjusted. At the foot of the adjusted bill is this statement, viz. ·

| | |
|---|---:|
| Costs adjusted at - - - · - - - - | $568.50 |
| Allowances - - - - - - - - | 175.00 |
| Costs of motions—(Oct. 10, 1854, $10 ; Oct. 13, 1854, | |
| $10,) - - - - - - - - | 20.00 |
| Interest on judgment, $3,000 - - - - - | 122.50 |
| | $886.00 |

On the 24th of January, 1855, judgment was perfected and a roll filed.

The defendant appealed to the general term, and in June, 1855, a new trial was granted, on condition that defendant " paid the costs of the second trial,"—the costs of the *appeal* being left to abide the event.

In the bill of costs, as adjusted on the 8th of January, 1854, there was allowed to the plaintiff, viz. :

For attendance of wittnesses at the March term, 1854,  $89.24
    do.          do.         April term, 1854, -   91.24
For jurors' fees, clerk's fees, and fees for attendance of
    witnesses at *June term*, and a trial fee,    -   - 164.08

One hundred and sixty-four dollars eight cents have been paid and accepted in full of the costs of the *June term*.

The questions now presented are, *first*, whether the defendant is bound to pay more than the $164.08, in order to comply with the terms of the condition on which a new trial was granted.

At the time they were paid, the counsel of the parties differed upon the question of the construction of the order as entered.

M'Quade agt. The New-York & Erie Railroad Co.

They were paid under a stipulation that plaintiff might move the court for an order directing the costs of the March and April terms, and the allowance of $175 to be paid. Plaintiff now moves for an order that they be paid in fifteen days, or, in default thereof, that the order granting a new trial be vacated.

L. E. BULKLEY, *for plaintiff*.

D. B. EATON, *for defendants*.

By the court—BOSWORTH, Justice. A new calendar was made for the term, commencing on the first Monday of April, 1854. That, by an order of the court, was continued through the months of May and June, and causes noticed for the May and June terms were placed at the foot of the calendar, as it stood at the beginning of those months respectively.

When a cause is tried, after having been noticed for circuits prior to that at which a verdict is obtained, and a new trial afterwards is granted on payment of costs, or of the costs of the trial; the only costs to be paid are those of the circuit or term at which the trial occurred.

When successive circuits or terms commence, as often occurs in this court, on the Monday succeeding the Saturday on which the next preceding one ended, if a cause should be on the day calendar at the close of one term, but not be actually reached until the next, it might be very proper to require a defendant to pay the costs of the necessary attendance of witnesses, for both of such terms. So, if there was such prospect of the cause being reached in the last week of a term, that common prudence would require witnesses, living out of the city, to be subpœned to attend, within that week, it might be proper to include, in the costs to be paid, the fees of the attendance of such witnesses, although the cause might not, in fact, be called and tried until the subsequent term.

But such a rule should not be applied to terms which are not for any purpose to be regarded as one term. There was one calendar for the January, February, and March terms. A

new calendar was made up for April, which, by order of the court, continued the calendar of that, and of the May and June terms. There is no more connection in intendment of law between the March and April terms, nor under any orders or practice of the court, than between the January and June terms.

We think the costs of the March term cannot be allowed to the plaintiff under the decision of the court, nor according to the usual practice in respect to the costs to be paid in granting new trials.

The costs of the April term should not be allowed. The plaintiff was not only in default in not trying the cause at that term, which of itself is an answer to his claim to such costs, but he has been ordered, by an order still in force, to pay the fees for the attendance of the defendant's witnesses for the same term.

The court at general term did not intend to, and could not properly have altered the rights and liabilities of the parties with respect to such costs, so far as they are affected or fixed by the order of the 17th of May, 1854.

The only other matter to be considered relates to the allowance of $175.

We understand that a per centage, when allowed on the ground that the case is difficult or extraordinary, is not merely to compensate for an actual trial, but for the skill and labor employed, and expenses incurred, from the commencement of the action to the recovery of judgment.

In some cases, full as much professional labor and skill are requisite in the proceedings prior to the notice of trial, as upon the trial itself.

The allowance of a per centage depends upon a judgment being recovered, and is to be granted to the party who *recovers* the judgment. (*Code*, § 309.)

The judgment contemplated by § 309, is a final judgment in the action. It is the judgment or recovery, by which the right of the one party to, the liability of the other to pay, the costs of the action, is determined.

It is the common practice for the judge at the circuit, on the rendition of the verdict, to make an order for an allowance; but we do not think such an order can be deemed effectual, if the verdict is afterwards set aside, and a new trial granted.

In *Hicks* agt. *Waterman*, (7 *How. Pr. R.* 370,) the plaintiff obtained a report of referees in his favor, and an allowance of a per centage.

The report was afterwards set aside, and a new trial granted on defendant's "paying to the plaintiff the costs of the reference heretofore had." Mr. Justice BARCULO decided that the terms of the order did not entitle the plaintiff to the per centage, and that, on a proper construction of the Code, the defendant could not be required to pay it.

These extra allowances, like those whose amounts are specified in § 307, when made, are, in the language of § 303, granted to the prevailing party "by way of indemnity for his expenses in the action."

In this view of the provisions of the title relating to costs, this court has often refused to allow a per centage when the cause had been over four or five times on the calendar, when one would have been granted if it had been tried at an earlier day after issue joined. Such a practice would be unreasonable, if the extra allowance is made solely or mainly to compensate for the expenses of a trial.

In several classes of cases, enumerated in § 308, an extra allowance may be made, though no trial is had. In the latter cases it is made by way of indemnity for expenses which are neither created nor increased by a trial. In cases in which a trial has been had, it is granted by way of indemnity against the expenses of the proceedings in every stage of the action down to the entry of judgment. We are of the opinion that the plaintiff is not entitled, under the decision granting a new trial, to the $175 dollars. That when a new trial is granted for causes which, according to the settled practice of the courts, require the condition to be imposed, that the costs of the trial be paid; any extra allowance which may have been granted,

should not be deemed a part of the costs to be paid, nor payment of them be required.

If these views are correct, the defendants have paid all that they were required to pay, to comply with the conditions on which a new trial was granted.

The motion must be denied.