Monell, Ch. J. (dissenting).
There is no restriction as to the time when an application for a further allowance may be made, except that it must be before the final costs are adjusted (Rule 56).
In this case the defendants were not in a condition to make the motion until judgment was entered upon the remittiur from the court of appeals. The trial before the jury resulted adversely to the defendant. In reversing the judgment and ordering a new trial, the costs of the appeal were made to abide the event of the second trial. But the plaintiff prevented the second trial by an appeal from the order.
The judgment of the court of appeals upon such appeal was the first and only absolute award of costs to the defendants.
They were, therefore, in time in making their motion. It could not be made at any previous time.
The question, therefore, upon this appeal is whether it was a case in which the court below could exercise its discretion.
The code permits the allowance to be made in cases, “ where a defense has been interposed, or in such cases where a trial has been had.”
I am of the opinion that, for the purposes of this question, a trial was had in the case, and, therefore, the court could have granted the extra allowance.
There was an actual trial of the issues before a jury, which resulted adversely to the defendant. That was the only trial had in the case.
*300 I do not regard the argument of the successive appeals as trials within the meaning of the law, as has been done in some cases (Van Schaick v. Winne, 8 How. Pr. 5; Sutherland v. Tyler, 11 Id. 251; Seguine v. Seguine, 3 Abb. Pr. N. S. 442). For such arguments and proceedings a compensation is fixed.
A trial is a judicial examination of the issues, whether of law or fact, and not a review of such examination upon an appeal from the decision. The appellate court corrects any errors of the trial. It has-no original jurisdiction to try the issues, or to judicially examine them, further than to see that the judgment under review is correct.. The only trial, therefore, is at the special term, before the court, with or without a jury.
The trial which was had in this case was sufficient, I think, to empower the court to grant the allowance.
The effect of the judgments upon the several appeals, is, that the judgment entered upon the verdict of the jury was erroneous—that it should have been for the defendants, or that the plaintiff’s complaint should have been dismissed. Had there been such a result at the trial, the power to give the defendants a further allowance, could not be doubted. The effect is not lessened by having the errors of the trial corrected by the court upon the appeal; and their judgment must be regarded as the judgment which ought to have been rendered on the trial.
For all purposes of costs, therefore, a trial was held in this case ; and the court had power to use its discretion upon the defendants’ motion.
But further, I think a correct construction of the 309th section of the code gives power to the court in this case, irrespective of the actual trial.
A defense had been interposed.
The section, as amended in 1865, apparently provides for two cases,—first, where a defense has been in *301 terposed, and, second, where a trial has been had ; so that the section may be read;—in difficult and extraordinary cases where a defense has been interposed ; and in difficult and extraordinary cases where a trial has been had. But as there can not be a trial unless a defense has been interposed, the legislature meant to confer power on the courts to give the allowance in all cases where a defense was interposed, whether a trial was had or not. So that if the plaintiff discontinued the action before trial, the court could still grant the allowance. For the allowance is not merely to compensate for an actual trial, but also for the labor and expenses of preparing for the trial (McQuade v. N. Y. & Erie R. R. Co. 5 Duer, 613).
Had the legislature intended to restrict the power to cases of trial only, they would not have disconnected them, but would have provided that when a defense was interposed and a trial had, the allowance might be made.
For the reason, therefore, that a defense having been interposed, as well as for the reason that a trial had been had, the case is one in which the court in its discretion may make a further allowance of costs to the defendants.
The order should be reversed, and the special term should be allowed to exercise its discretion upon the motion.